Contracts; interpretation. — Plaintiff, on behalf of its subcontractor, seeks additional compensation for alleged extra work performed on the grading and landscaping phases of its fixed-price contract for construction of a family housing project. Plaintiff contends that the contract specifications should reasonably be interpreted to limit the application of soil amendments and fertilizer to areas to be planted with trees and shrubs and the like, and not to areas to be seeded for lawns as required by the contracting officer. The Armed Services Board of Contract Appeals denied this claim, hold *859 ing that plaintiff’s interpretation was unreasonable, that the relevant provision in the contract was not ambiguous, but even if it were so considered, the ambiguity was patent and one that plaintiff could not properly attempt to resolve without inquiry except at its own risk. Plaintiff also contends that the Government’s design for grading work was defective in that the design allegedly failed to prevent damage from improper drainage. The Board denied the claim, holding that the responsibility for the drainage design was a matter which would have been apparent to a reasonably prudent contractor. In a recommended opinion filed October 30, 1914 (reported in full at 20 CCF para. 83,529), Trial Judge Boald A. Hogenson concluded that the Board’s decision on each of the claims is supported by substantial evidence and correct as a matter of law. This case came before the court on defendant’s motion requesting that the court adopt, as the basis for its judgment in this case, the recommended decision, on plaintiff’s motion and defendant’s cross-motion for summary judgment, plaintiff having failed to file a request for review thereof by the court and the time for so filing having expired. Upon consideration thereof, without oral argument, since the court agrees with the recommended decision, it adopted the decision as the basis for its judgment in this case. On February 14,1975, by order, the court denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion, and dismissed the petition.